IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DUVALL HUCKS              :

   v.                    :    Civil Action No. DKC-16-2379
                           Criminal No. DKC-95-267-7

UNITED STATES OF AMERICA  :

**MEMORANDUM OPINION**

Petitioner Duvall Hucks ("Petitioner") filed a paper titled "permission to file a motion under Title 28 U.S.C. § 2255(3) to correct an illegal sentence" which has been construed as a motion to vacate pursuant to 28 U.S.C. § 2255.[1] (ECF No. 673). In response, the Government filed a motion to dismiss. (ECF No. 677). Petitioner filed a motion to stay until the Supreme Court of the United States decided *Beckles v. United States*. (ECF No. 680). In both of Petitioner's motions, he asserts that he is entitled to relief under the Supreme Court's ruling in *Johnson v. United*

---

[1] A court may re-characterize a motion filed by a self-represented litigant to create better correspondence between the subject of the motion and its underlying legal basis. *See Castro v. United States*, 540 U.S. 375, 381 (2003). Petitioner may not evade the procedural requirements for successive § 2255 motions by attaching other titles to his motion. *Calderon v. Thompson*, 523 U.S. 538, 553 (1998) (Regardless of the title assigned by the litigant, the subject matter of the motion determines its status). Notice of re-characterization was not required because this was not Petitioner's first § 2255 motion challenging this judgment, and there is no notice requirement for successive petitions. *See Castro*, 540 U.S. at 383.

*States*, 135 S.Ct. 2551 (2015), striking down the residual clause in the Armed Career Criminal Act (ACCA). (ECF Nos. 683, 680).

The Government explains that the holding in *Johnson* has no impact on Petitioner's sentence. In support of this, the Government states that Petitioner was not sentenced as an Armed Career Criminal, a Career Offender, or under any other statute affected by the *Johnson* decision. (ECF No. 677). Petitioner was convicted of conspiracy to possess with intent to distribute and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846, and drug trafficking crimes are not affected by the ruling in *Johnson*. In accordance with the presentence report, the court calculated Petitioner's total offense level to be 46 and his criminal history category to be III. The resulting advisory guideline range was life imprisonment. On October 7, 1996, the court sentenced Petitioner to life imprisonment.

Further, the Government argues that Petitioner's motion to vacate is successive and that Petitioner did not first seek authorization from the United States Court of Appeals for the Fourth Circuit to file it. There can be no dispute that the instant motion to vacate is not the first such motion filed by Petitioner. On October 2, 2000, Petitioner filed his first motion to vacate (ECF No. 498), which the court denied on August 28, 2001. (ECF Nos. 541, 542). On July 10, 2014, the Fourth Circuit denied Petitioner's motion for an order authorizing the district court to

consider a second or successive application for relief under 28 U.S.C. § 2255. (ECF No. 619).

It is clear that Petitioner has not received authorization from the Fourth Circuit to file the instant motion. Pursuant to 28 U.S.C. § 2255,

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

This court is mindful "that a numerically second § 2255 motion should not be considered second or successive pursuant to §2255(h) where . . . the facts relied on by the movant seeking resentencing did not exist when the numerically first motion was filed and adjudicated." *United States v. Hairston*, 745 F.3d 258, 262 (4th Cir. 2015). Petitioner, however, has pointed to no new "facts" in his pending motion, nor does *Johnson* apply to this case. Furthermore, the Supreme Court's later decision in *Beckles v. United States*, 137 S.Ct. 886 (2017), held that the advisory sentencing guidelines are not subject to the *Johnson* analysis in any event. Petitioner's only claim is that, under *Johnson*, the residual clause in the sentencing guidelines is void for vagueness.

3

Accordingly, the pending motion to vacate is dismissed without prejudice as successive.

The Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization order. The procedural requirements and deadlines for filing the motion are extensive. Consequently, this court has attached hereto a packet of instructions promulgated by the Fourth Circuit which address the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition with the Fourth Circuit. It is to be emphasized that Petitioner must file the motion with the Fourth Circuit and obtain authorization to file a successive petition before this court may examine the claims.

In addition to the above analysis, a certificate of appealability ("COA") must be considered. Unless a COA is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed.R.App.P. 22(b). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The

4

denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because Petitioner has not made a substantial showing of the denial of his constitutional rights, this court will not issue a COA.

A separate Order will be entered.

                                                                  /s/
                                          DEBORAH K. CHASANOW
                                          United States District Judge